1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS CRAWFORD and BETHANY MCAULEY,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:23-cv-05114-JHC<br><br>ORDER |

   This matter comes before the Court on Plaintiff Alexis Crawford's "Motion to Appoint Counsel." Dkt. # 16. Plaintiff, proceeding pro se and *in forma pauperis*, alleges Defendants violated Washington's Law Against Discrimination, Wash. Rev. Code 49.60. *See* Dkt. # 9.

   This is Plaintiff's second motion requesting appointment of counsel. *See* Dkt. # 10. On March 27, 2023, the Court denied the first. Dkt. # 14. The arguments Plaintiff advances in this motion are almost identical to those raised in the first motion. *See* Dkt. # 10. This time, Plaintiff requests appointment of counsel because: (1) Plaintiff is incarcerated, thereby complicating efforts to obtain counsel; and (2) Plaintiff says surveillance camera footage is available to support their allegations, the same argument made before. Dkt. # 16 at 2–3. *See* Dkt. # 10 at 2.

"In proceedings *in forma pauperis*, the district court 'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). Deciding whether to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims pro se given the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff has failed to show that any exceptional circumstances exist for the appointment of counsel. Up until this point, Plaintiff has not established an inability to articulate the bases of the claims without the assistance of counsel. *See Agyeman*, 390 F.3d at 1103. And the legal issues presented here, though not fully defined at this point, do not appear to be particularly complex. *See id.* Plaintiff has likewise not demonstrated a likelihood of success on the merits. The motion does not address this element, besides mentioning that the Washington State Human Rights Commission "interviewed [Plaintiff] but did [not] pick [Plaintiff's] case." Dkt. # 16 at 2. At this early stage of litigation, the record is not sufficiently developed for the Court to make such a determination.

Based on the foregoing analysis, the Court DENIES Plaintiff's motion to appoint counsel without prejudice. Dkt. # 16. Plaintiff may renew this motion later in the proceedings only if exceptional circumstances—circumstances *not* set forth in either of Plaintiff's first two motions, *see* Dkts. ## 10, 16—warrant the appointment of counsel.

/

/

/

ORDER - 2

Dated this 2nd day of May, 2023.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 3