UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS CRAWFORD and BETHANY MCAULEY,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:23-cv-05114-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff Alexis Crawford's "Motion for Service of Summons and Complaint." Dkt. # 17.

Plaintiff proceeds pro se and *in forma pauperis* (IFP). Dkt. # 8. Plaintiff is currently incarcerated at the Washington County Jail in Hillsboro, Oregon. Dkt. # 15. When an IFP plaintiff so requests, "the officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4(c)(3) further provides, "[a]t the plaintiff's request the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed [IFP]." Fed. R. Civ. P. 4(c)(3). *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir.

ORDER - 1

1991) ("[A]n IFP plaintiff must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service.").

Accordingly, the Court ORDERS as follows:

1. Plaintiff's motion is GRANTED. Dkt. # 17.

2. The Clerk shall provide a copy of this order, the complaint (Dkt. # 9), Plaintiff's motion (Dkt. # 17), and the summonses for Defendants Chevron Corporation and Tristan[1] (Dkt. # 11), to the United States Marshal or Deputy Marshal no later than **May 3, 2023**.

3. The United States Marshal or Deputy Marshal shall serve Defendants with the applicable summons and complaint no later than **June 3, 2023**.

Dated this 2nd day of May, 2023.

John H. Chun
United States District Judge

---

[1] The Court notes that Plaintiff has not provided the last name for Defendant Tristan. *See* Dkts. ## 9, 11. This matter is based on an interaction that occurred at a Chevron gas station involving a Chevron employee named Tristan. *See* Dkt. # 9 at 7. Presumably, neither Plaintiff knows Tristan's last name. Should the officers of the Court encounter difficulties serving this defendant at their place of employment, Plaintiffs will need to remedy their summons or face dismissal of their complaint without prejudice as to this defendant. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (prisoner failed to show cause why defendant should not be dismissed under Rule 4(m) where prisoner did not show they had provided the Marshal with sufficient information to complete service), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). If Plaintiffs know Tristan's last name, they are instructed to notify the Court in a pleading within fourteen (14) days of this order. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (although an incarcerated IFP plaintiff may rely on service by the Marshals, such a plaintiff must "[a]t a minimum, . . . request service upon the appropriate defendant and attempt to remedy any apparent defects of which [they have] knowledge").

ORDER - 2