UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS CRAWFORD and BETHANY MCAULEY,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:23-cv-05114-JHC<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING |

  Before the Court is Defendant Chevron Corporation's "Motion for Extension of Time to File Responsive Pleading." Dkt. # 24. The Court has considered the motion, the balance of the record, and the applicable law. Being fully advised, the Court GRANTS the motion.

  On March 13, 2023, Plaintiffs filed their complaint, alleging that a Chevron gas station employee discriminated against Plaintiffs. Dkt. # 9 at 7. On May 2, 2023, the Court granted Plaintiffs' motion requesting service of the summons and complaint by court officers. Dkt. # 20. The Court ordered the U.S. Marshal or Deputy Marshal to serve Defendants by no later than June 3, 2023. *Id.* at 2.

  On June 21, 2023, Chevron filed this motion. Dkt. ## 24–25. Chevron seeks an extension of time, until July 14, 2023, to file its "responsive pleading" and to meet "any related

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING - 1

deadlines (including the deadline to file a Corporate Disclosure Statement)." Dkt. # 24 at 1. Chevron mentions no specific "related" deadlines. *See id.*

When an act must be done before a deadline, courts may extend the time required to complete the act for "good cause." Fed. R. Civ. P. 6(b)(1). Good cause is a "non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Under the good cause standard, extensions of time should normally be granted if there is no bad faith on the part of the movant or prejudice to the nonmovant. *Id.*

Good cause exists to grant an extension for Chevron to file its answer. There is no evidence that Chevron's counsel acted in bad faith or that an extension will prejudice Plaintiffs. The requested extension is brief, and the case is in its early stages. Chevron offers two persuasive reasons why it needs an extension. First, Chevron says that it has been unable to meet and confer with Plaintiff Alexis Crawford, Dkt. # 24 at 1–2, who is incarcerated and recently was moved from a Washington correctional facility to one in Oregon, *see* Dkt. # 22 at 2. And second, because Chevron contends that it does not own, operate, or control the gas station where the alleged incident occurred, it requires more time to identify the other defendants. Dkt. # 24 at 2.

For the above reasons, the Court GRANTS the motion. Dkt. # 24. Chevron must file its answer on or before July 14, 2023. The Court similarly extends the deadlines to file a corporate disclosure statement and for the parties' Rule 26(f) conference to July 14, 2023. Should Chevron wish to extend any other deadlines, it may move for such relief.

/

/

/

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING - 2

1  Dated this 7th day of July, 2023.

*John H. Chun*
John H. Chun
United States District Judge