UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS CRAWFORD and BETHANY MCAULEY,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:23-cv-05114-JHC<br><br>ORDER RE: DEFENDANT CHEVRON CORPORATION'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS |

Before the Court is Defendant Chevron Corporation's Rule 12(c) Motion for Judgment on the Pleadings. Dkt. # 33. The Court has reviewed the motion, the balance of the record, and the applicable law. Being fully advised, the Court GRANTS the motion and DISMISSES Plaintiffs' claim against Chevron with prejudice.

# I

## BACKGROUND

On March 16, 2023, Plaintiffs, proceeding pro se, filed their complaint. Dkt. ## 6–9. Plaintiffs bring one cause of action under the Washington Law Against Discrimination (WLAD), Rev. Code. Wash. (RCW) 49.60.030(1)(b), against Defendants Chevron and Tristan "The Night Girl." Dkt. # 9. In December 2022, Plaintiffs "stopped at the Chevron on 4100 E. Fourth [P]lain Blvd." in Vancouver, Washington. *Id.* at 7. Plaintiffs allege that, while they pumped gasoline, gas station employee Tristan discriminated against Plaintiffs because of their "disability of being addicts." *Id.* at 7; *see id.* (alleging Tristan said Crawford was "high off her[oi]n, meth or blues" and Tristan did not "want any drug addicts" at the gas station).

On July 11, 2023, Chevron filed its answer. Dkt. # 31. Chevron states that it "does not own, operate, or control the gas station located at 4100 E. Fourth Plain Blvd." in Vancouver, nor does it "employ Defendant Tristan 'The Night Girl.'" *Id.* at 2. Instead, the gas station in question "is owned, operated, and controlled by an independent retailer called Blue Goose Market, III, LLC." *Id.* "Chevron Products Company, a division of Chevron U.S.A.[,] merely supplied Chevron-branded gasoline to the independent retailer." *Id.*

On July 13, 2023, Chevron moved for judgment on the pleadings. Dkt. # 33. Plaintiffs did not respond to Chevron's motion. *See generally* Dkt.

# II

## DISCUSSION

Because Plaintiffs proceed pro se, the Court liberally construes their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, "courts should not have to serve as advocates for pro se litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

ORDER RE: DEFENDANT CHEVRON
CORPORATION'S RULE 12(C) MOTION FOR
JUDGMENT ON THE PLEADINGS - 2

A.  Rule 12(c) legal standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are closed once a complaint and answer have been filed, assuming no counterclaims or cross-claims are asserted. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). When ruling on a Rule 12(c) motion, courts "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Dismissal for failure to state a claim "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

B.  Analysis

Because Chevron answered the complaint and raised no counterclaims or cross-claims, *see* Dkt. # 31, the pleadings are closed as to Chevron, and the Court may properly rule on Chevron's Rule 12(c) motion. The Court grants the motion for the following reasons.

First, Plaintiffs have not filed an opposition to the motion, and the Court considers this lack of opposition as an admission that the motion has merit. See LCR 7(b)(2).

Second, accepting all factual allegations in the complaint as true, and considering the answer, Plaintiffs do not establish liability against Chevron for the WLAD claim because Chevron played no role with respect to the alleged conduct. As stated in its answer, Chevron does not own, operate, or control the gas station or employ Tristan. Dkt. # 31 at 2. Chevron's only apparent connection to this suit is that it supplies Chevron-branded gasoline to the independent retailer, Blue Goose Market, III, LLC, that owns the gas station. *Id.* The complaint

presents no allegations inconsistent with these assertions in the answer. Nor do Plaintiffs oppose the motion or seek leave to amend their complaint.

C.   Leave to amend

If a court determines that dismissal is warranted, it should grant the plaintiff leave to amend unless amendment is futile; that is, if it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (explaining that "[a] district court does not err in denying leave to amend where the amendment would be futile").

Plaintiffs do not seek leave to amend their complaint. And it appears that amending Plaintiffs' complaint would be futile. There appear to be no additional factual allegations that could possibly cure the complaint's deficiencies as to Chevron because Chevron has no involvement with the alleged conduct in this dispute. Chevron did not employ Tristan, nor did it operate the gas station in Vancouver. Dismissing Chevron from this action with prejudice and without leave to amend is proper because, as to allegations against Chevron, "the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). And again, Plaintiffs did not file an opposition to the motion.

### III
#### Conclusion

Based on the above reasons, the Court GRANTS Chevron's motion and DISMISSES the claims against Chervon with prejudice.

/

/

/

ORDER RE: DEFENDANT CHEVRON
CORPORATION'S RULE 12(C) MOTION FOR
JUDGMENT ON THE PLEADINGS - 4

Dated this 14th day of August, 2023.

*John H. Chun*

John H. Chun
United States District Judge