UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS CRAWFORD and BETHANY MCAULEY,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:23-cv-05114-JHC<br><br>ORDER |

This matter comes before the Court sua sponte.

On August 14, 2023, the Court granted Defendant Chevron Corporation's motion for judgment on the pleadings. Dkt. # 38. The Court dismissed Plaintiffs' singular claim against Chevron arising under the Washington Law Against Discrimination (WLAD), Rev. Code. Wash. 49.60.030(1)(b), prejudice. *Id.*

Federal courts are tribunals of limited subject matter jurisdiction. Charles A. Wright & Arthur R. Miller, *13 Federal Practice & Procedure* § 3522 (2023 ed.). In general, federal subject matter jurisdiction exists when a claim either (1) arises under the U.S. Constitution or laws of the United States, or (2) arises between citizens of different states when the amount in controversy exceeds $75,000. *Id.* §§ 3722–23. *See* 28 U.S.C. § 1331 (federal question

ORDER - 1

jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). Diversity jurisdiction requires complete diversity of citizenship between the parties, where each plaintiff is a citizen of a different state than each defendant. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). If a federal court determines that it lacks subject matter jurisdiction at any time, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (noting that courts have an obligation to raise subject matter jurisdiction sua sponte). A plaintiff bears the burden of establishing subject matter jurisdiction. *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

In their complaint, Plaintiffs allege that this Court's jursidiction is predicated on federal question jurisdiction under 28 U.S.C. § 1331 *and* diversity jurisdiction under 28 U.S.C. § 1332. But Plaintiffs claim no violation of federal law; they claim a violation of Washington law. *See* Dkt. # 9 at 3 (alleging only one WLAD claim). There is thus no federal question jurisdiction under 28 U.S.C. § 1331.

The complaint states that Plaintiffs and Defendant Tristan, the sole remaining Defendant, are citizens of Washington and understandably does not assert diversity jurisdiction between these parties. *See* Dkt. # 9 at 4. A federal court may have supplemental jurisdiction over pendent state claims to the extent they are so related to claims in the action within the court's original jurisdiction that they form a part of the same case or controversy. 28 U.S.C. § 1367(a). When, as here, a court rules against plaintiff and dismisses federal claims before trial, that does not automatically divest the court of supplemental jurisdiction; the dismissal is a factor for the court to consider in deciding whether to exercise its supplemental jurisdiction. *See United Mine Workers v. Gibbs*, 383 US 715, 728 (1966); *Brady v. Brown,* 51 F3d 810, 816 (9th Cir. 1995).

Here, because very little in the way of substantive activity has occurred (e.g., the sole remaining defendant has not been served with process, there has apparently been no discovery, and a trial has not been set), in its discretion, the Court decides not to exercise supplemental jurisdiction.

In light of the foregoing, the Court DISMISSES Plaintiffs' claim against Defendant Tristan without prejudice. And the Court STRIKES as moot Plaintiff's motion to appoint counsel.[1] Dkt. # 37.

Dated this 14th day of August, 2023.

John H. Chun
United States District Judge

---

[1] If the Court reached this issue, it would be inclined to deny the request on the merits. This is Crawford's third motion requesting appointment of counsel. *See* Dkt. ## 10, 16. The Court denied the first two. *See* Dkt. ## 14, 19. For the third time, Crawford has not shown that exceptional circumstances require the appointment of counsel. Crawford has not shown a likelihood of success on the merits, nor do the legal issues presented appear to be complex. *See* Dkt. # 9 (complaint alleges one WLAD claim). In its order denying Crawford's second motion to appoint counsel, the Court stated that Crawford could "renew this motion later in the proceedings only if exceptional circumstances—circumstances *not* set forth in either of [Crawford]'s first two motions, *see* Dkts. ## 10, 16—warrant the appointment of counsel." Dkt. # 19 at 2.